UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:21-CR-00264 |
| v. | ) | CHIEF JUDGE CRENSHAW |
| | ) | |
| [1] BRIAN KELSEY | ) | |
| | ) | |
| [2] JOSHUA SMITH | ) | |

## PROTECTIVE ORDER REGARDING DISCOVERY

Upon an unopposed motion (Doc. No. 22) by the United States, the Court concludes that discovery would be facilitated by a protective order pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1).

1. **Definition of Discovery Material**. This order shall govern all documents and materials containing personally identifiable information, financial information, or other confidential information produced in discovery or reciprocal discovery to any Party by another Party during the pendency of this case (collectively, "Discovery Material").

2. **Confidentiality of Discovery Material**. All Discovery Material shall be treated as confidential during the pendency of this action and shall be referred to as confidential without need for further designation. Discovery Material shall be used by the Parties solely for the purposes of this action.

3. **Disclosure of Discovery Material to Authorized Persons**. The Parties shall not disclose Discovery Material to any person except Authorized Persons as listed below:

    a. The Parties, counsel for the Parties, and their respective employees or agents.

    b. Any person consulted with or retained by counsel to assist in the preparation, trial, or appeal of this criminal action (or any collateral civil matter arising directly from this criminal

action), including their consultants, agents, experts, and investigators. With respect to such persons, (i) Discovery Material shall be disclosed to the person only to the extent necessary to perform the work for which the person was retained; and (ii) the person shall not retain Discovery Material after his or her work related to this criminal action has concluded.

    c.    Any person whose testimony was or may be taken in this action. With respect to such persons: (i) Discovery Material shall be disclosed to the person only in preparation for, during, or in review of the person's testimony; and (ii) the person shall not retain Discovery Material after his or her testimony has concluded.

    d.    The author(s) and addressee(s) of Discovery Material.

    e.    The Court and any persons employed by it working on this matter.

    f.    The process of backing up digital copies of Discovery Material to a server or cloud service shall not be considered a "disclosure" provided that counsel take reasonable measures to secure the material and prohibit access by unauthorized persons.

    4.    <u>Notice Prior to Disclosure</u>. Before any disclosure to an Authorized Person listed above (other than the Court), the disclosing counsel shall inform that person of this order and its effect and provide the person with a copy of the order. The disclosing counsel shall further direct the person not to disclose any Discovery Material and that any unauthorized disclosure may be punished as contempt of court.

    5.    <u>Reproduction of Discovery Material</u>. Any copies or reproductions of Discovery Material are considered Discovery Material and shall be treated in the same manner as the original material.

6. <u>Limitation of Use of Discovery Material</u>. Nothing in this order shall limit Discovery Material from being used in pretrial proceedings, investigation, motions and briefs, trial, or other proceedings in this litigation.

7. <u>Discovery Material in Court Papers</u>. Nothing in this order limits the application of Fed. R. Crim. P. 49.1 (regarding privacy protections for court filings) for any filings made with the Court.

8. <u>Defendant's Use of His Own Documents</u>. Nothing in this order shall prevent a Defendant from any use of his own confidential documents, even if considered Discovery Material under this Order.

9. <u>Use of Discovery Material at Trial</u>. The admissibility, confidentiality, and use of all Discovery Material at trial shall be subject to further order of the Court; the Federal Rules of Criminal Procedure, including but not limited to Rule 49.1; and the Federal Rules of Evidence.

10. <u>Inadvertent Disclosure</u>. Nothing in this order exposes a Party or a Party's counsel to contempt of court or any other type of sanction for unintentional or inadvertent disclosure of Discovery Material by that Party, the Party's counsel, or an agent of the Party's counsel. In the event of such unintentional or inadvertent disclosure of Discovery Material, the Party's counsel shall promptly notify the other Party's counsel of the inadvertent disclosure, and the Parties' counsel shall discuss in good faith what steps, if any, should be taken to minimize the effect of such disclosure.

11. <u>Modification of Order</u>. The terms of this order are subject to modification, extension, or limitation as may be agreed to by all Parties or by order of the Court.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE