UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:21-cr-00264-1 |
| v. ) | |
| ) | CHIEF JUDGE CRENSHAW |
| BRIAN KELSEY ) | |

## GOVERNMENT'S MOTION FOR ORDER
## FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE

The United States of America, through Henry C. Leventis, United States Attorney for the Middle District of Tennessee, Assistant United States Attorney Amanda J. Klopf, Corey R. Amundson, Chief of the Public Integrity Section of the United States Department of Justice, Trial Attorney John P. Taddei, Reagan Fondren, First Assistant United States Attorney for the Western District of Tennessee, and Assistant United States Attorney David Pritchard (collectively, "United States" or "government"), respectfully moves this Court to enter an order finding that defendant Brian Kelsey has waived the attorney-client privilege with respect to the specific matters raised in his motion to withdraw his guilty pleas (DE 93 ("Mot.")) and his reply (DE 104 ("Reply")).

"The [attorney-client] privilege may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance . . . ." *In re Lott*, 424 F.3d 446, 452-53 (6th Cir. 2005); *see United States v. Pinson*, 584 F.3d 972, 977 (10th Cir. 2009) ("acknowledg[ing] the implied waiver of attorney-client privilege that arises when a party puts his counsel's advice in issue" and collecting cases holding the same). "[L]itigants cannot hide behind the privilege if they are relying upon privileged communications to make their case." *Lott*, 424 F.3d at 454. "'[T]he attorney-client privilege cannot at once be used as a shield and a sword.'" *Id.* (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)).

"Implied waivers are consistently construed narrowly." *Id.* at 453. "Courts 'must impose a waiver no broader than needed to ensure the fairness of the proceedings before it.'" *Id.* (quoting *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003)).

In his motion, the defendant does not explicitly allege that his prior counsel was ineffective. However, the defendant raises several claims that implicate conversations between the defendant and his former attorney, Ty Howard, and the counsel that handled his plea, Paul Bruno, David Rivera, and Jerry Martin (collectively "the Attorneys"), and their performance. Those claims include, but are not limited to: the Attorneys permitted him to "plead[] guilty to offenses that are not actually crimes," Mot. 7; the defendant "continued to maintain his innocence" during pre- and post-indictment plea negotiations, *id.* at 12-13; the defendant "entered the plea at issue with an unsure heart and confused mind," *id.* at 3; the defendant "was given a mere 48 hours" to decide to plead guilty "without fully understanding ancillary consequences," *id.*; and the defendant "did not enter a guilty plea with a clear head and clear understanding of what he was pleading guilty to," Reply at 3. The United States is not privy to any conversations that defendant may have had with the Attorneys regarding these claims. However, defendant has waived the attorney-client privilege as to any protected communications with the Attorneys regarding these claims because he has placed these matters in controversy. The Attorneys must divulge those communications so that the Court can assess whether the defendant has met his burden to "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).

Accordingly, the United States requests that this Court enter an order finding that defendant has waived his attorney-client privilege with respect to the claims that he raises in his motion to withdraw his guilty pleas and his reply in support of that motion (DE 93, 104). The government

2

also requests that the Court allow the government to contact the Attorneys in advance of the scheduled May 16, 2023, hearing date to obtain information necessary to respond to defendant's motion to withdraw and prepare their anticipated testimony. *Cf. Woodside v. United States*, No. 3:20-cv-00221, 2021 WL 83049 at *1 (M.D. Tenn. Jan. 11, 2021) (Crenshaw, C.J.) (recognizing waiver of attorney-client privilege based on ineffective assistance claim requesting withdrawal of plea and indicating prior defense counsel would need to testify at an in-person hearing). The government plans to ask the Attorneys to divulge only those communications that are necessary to litigate the defendant's request for withdrawal.

On May 3, 2023, David Warrington, current counsel for the defendant, told the government that the defendant has not determined a position with respect to this motion.

Respectfully submitted,

| | |
|---|---|
| HENRY C. LEVENTIS<br>United States Attorney<br>Middle District of Tennessee | COREY R. AMUNDSON<br>Chief<br>Public Integrity Section |
| By: | By: |
| /s/ Amanda J. Klopf<br>AMANDA J. KLOPF<br>Assistant U.S. Attorney<br>110 Ninth Avenue South, Suite A-961<br>Nashville, TN 37203<br>(615) 736-5151<br>Email: amanda.klopf@usdoj.gov | /s/ John P. Taddei<br>JOHN P. TADDEI<br>Trial Attorney<br>1301 New York Ave. NW<br>Washington, DC 20530<br>(202) 514-3885<br>Email: john.taddei@usdoj.gov |

REAGAN FONDREN
Attorney for the United States, Acting under Authority
Conferred by 28 U.S.C. § 515
Western District of Tennessee

By:

    /s/ David Pritchard  
    DAVID PRITCHARD  
    Assistant U.S. Attorney  
    Western District of Tennessee  
    167 North Main Street, Suite 800  
    Memphis, TN 38103  
    (901) 544-4231  
    Email: david.pritchard2@usdoj.gov

**CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing response was electronically filed with the Clerk on May 3, 2023, and service was made upon all persons registered in that case via CM/ECF and/or by email.

                                              /s/ John P. Taddei
                                              JOHN P. TADDEI
                                              Trial Attorney

Case 3:21-cr-00264   Document 108   Filed 05/03/23   Page 5 of 5 PageID #: 446