UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 3:21-cr-00264-1 |
| v. ) | |
| ) | CHIEF JUDGE CRENSHAW |
| BRIAN KELSEY ) | |
| ) | |

## BRIAN KELSEY'S OPPOSITION TO GOVERNMENT'S MOTION FOR ORDER FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE

Brian Kelsey, through counsel, respectfully requests that this Court deny the Government's Motion for Order Finding Waiver of Attorney-Client Privilege ("Motion") (ECF No. 108).

"It is not hyperbole to suggest that the attorney-client privilege is a necessary foundation for the adversarial system of justice." *In re Lott*, 424 F.3d 446, 450 (6th Cir. 2005). Accordingly, it cannot and should not be deemed waived lightly. Even where waiver is found to be appropriate, "[i]mplied waivers are consistently construed narrowly. Courts 'must impose a waiver no broader than needed to ensure the fairness of the proceedings before it.'" *Id*. at 453 (quoting *Bittaker v. Woodford*, 331 F. 3d 715 (9th Cir. 2003)).

The Government's Motion must fail for three reasons. First, Mr. Kelsey has not alleged ineffective assistance of counsel, and thus has not put privileged communications at issue in these proceedings. Second, privileged communications are not necessary for the Government to litigate Mr. Kelsey's Motion to Withdraw Plea (ECF No. 93) fully and fairly. Third, and in the alternative, even if Mr. Kelsey is deemed to have put communications with counsel at issue in this matter, the Government's proposed remedy is overly broad as any implied waiver determinations can and should be resolved on a question-by-question basis at the hearing on the merits.

1

## I. Mr. Kelsey has Not Alleged Ineffective Assistance of Counsel.

The Government correctly notes that "[t]he [attorney-client] privilege may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues with counsel's performance." Motion at 1 (quoting *Lott*, 424 F.3d at 452-453).

Mr. Kelsey has not claimed ineffective assistance of counsel. He has not claimed he relied on inaccurate representations or statements by counsel. Nor has he claimed any other improper conduct by his counsel. To the contrary, the counsel who advised Mr. Kelsey—Paul Bruno, David Rivera, and Jerry Martin—continue to represent Mr. Kelsey, and should his motion to withdraw his plea be denied, they will continue to represent him at any future sentencing.

To get around this obvious flaw, the Government contends that several claims "implicate" privileged conversations. But none of these claims rely on privileged communications.

Should the Government's motion be granted, the ability of attorneys Bruno, Rivera, and Martin to represent Mr. Kelsey would be significantly diminished.

Whether the facts that Mr. Kelsey pled guilty to constitute a crime is a question of law. What Mr. Kelsey's attorneys told him prior to entering the plea agreement is immaterial; it either is or it is not.

That Mr. Kelsey has continued to maintain his innocence both before and after the indictment plea negotiations is evidenced by external statements, including those to the press and Government, including in statements the Government attached to its Opposition to Mr. Kelsey's Motion to Withdraw Plea. His privileged statements to his attorneys are immaterial to assessing this claim. Moreover, to the extent that the Government is seeking to pierce the privilege to confirm that Mr. Kelsey has asserted his innocence in private conversations with his attorneys, that avenue is foreclosed by the Sixth Circuit opinion in *Lott*, which firmly rejected assertions that post-

conviction claims of actual innocence waive the privilege. *See, e.g.*, *Lott*, 424 F.3d. at 447 ("There is no case authority holding that a claim of actual innocence 'waives' the attorney client privilege.").

That Mr. Kelsey entered the agreement with an unsure heart and confused mind is a matter of Mr. Kelsey's subjective understanding and mental state. It is not dependent on what Mr. Kelsey's attorneys did or did not tell him. *Napper v. United States* is instructive on this point. Case No. 1:16-cv-01023, 2021 WL 2555131 (W.D. Tenn. June 22, 2021). In *Napper*, Petitioner filed a habeas petition asserting, in part, ineffective assistance of counsel, alleging that he did not have proper knowledge about his career offender status and its importance. *Id*. at *5. The court declined to breach the privilege, noting in part that "the inmate does not challenge [his counsel's] conduct and he does not rely on his communications with [counsel] to support his claims," that "[i]t also does not appear that Petitioner 'will be forced' to rely on his communications with [counsel] 'in order to prevail,'" and that "Respondent has at its disposal other evidence relevant to [Petitioner's] knowledge of his sentencing exposure." *Id.* at 5-6 (citations omitted).

Similarly, in *United States v. Anthony*, the court rejected the Government's argument that petitioner's "communications with her attorney at the time of her guilty plea may reveal information about her contemporaneous state of mind and psychological conditions," finding that "even accepting the government's premise, the Court is not persuaded that these privileged communications are likely to contain evidence 'vital' to the government's position." Case No. 16-cr-00150, 2023 WL 2716581, *3 (N.D. Cal. Mar. 29, 2023). *Anthony* further advised "[p]rivileged communications that have not been put at issue do not become discoverable merely because they may be relevant" and noted that "[t]he United States has available to it multiple other sources of

3

information regarding [petitioner's] psychological condition at the time of her plea and the impact of that condition on her ability to make reasoned decisions . . . ." *Id*.

The same is true here. Mr. Kelsey has not challenged his counsel's conduct, does not rely on communications with counsel to prevail on his Motion to Withdraw Plea, and, as more fully set forth below, his communications with counsel are not necessary to the Government's opposition.

**II.     Privileged Communications are Not Necessary for the Government to Fully and Fairly Litigate Mr. Kelsey's Motion to Withdraw His Plea.**

Preserving the privilege in this case would not place the Government at any "great disadvantage." *See Napper*, at *6 ("[I]nsofar as *Lott* contemplates some role, even if not clearly defined, for a court's consideration of fairness, preserving the privilege in the present case would not place the Government at a great disadvantage."). To the contrary, the Government managed to file a 25-page opposition to Mr. Kelsey's Motion to Withdraw Plea (ECF No. 98), with eight attached exhibits, without raising concerns about being hamstrung by privilege. Mr. Kelsey's privileged conversations are not central to the Government's arguments in opposition to Mr. Kelsey's Motion to Withdraw Plea, and preserving the privilege would not place the Government at any "great disadvantage" in litigating this motion. Quite the contrary, the Government will have the chance to cross-examine Mr. Kelsey himself on the facts relevant to his motion.

**III.    The Government's Proposed Remedy is Overly Broad and Any Implied Waiver Issues are More Properly Resolved Question-by-Question at the Hearing on this Matter.**

The Court should wait until all evidence is presented by Mr. Kelsey before determining whether such an intrusion into attorney client communications is even warranted. As stated above, Mr. Kelsey is not claiming any ineffective assistance of counsel or putting at issue any of his protected communications with his counsel, thus, any determination of waiver is unwarranted, and at a minimum premature until such time as his evidence is heard.

4

Even assuming *arguendo* that Mr. Kelsey has put privileged conversations at issue and that such conversations are necessary for the Government to adequately litigate Mr. Kelsey's Motion to Withdraw Plea (he has not, and it is not), the Government's Motion seeks overly broad relief.

As described above, the Sixth Circuit has cautioned that "[i]mplied waivers are consistently construed narrowly" and must be "'no broader than needed to ensure the fairness of the proceedings.'" *Lott*. at 453 (quoting *Bittaker v. Woodford*, 331 F. 3d 715 (9th Cir. 2003)). In *United States v. York*, the court determined that what is "necessary to litigate" a claim should be determined on a question-by-question basis: "Ultimately, the determination of whether the exposure of various attorney-client protected conversations . . . are 'necessary to litigate' Defendant's assertion that [his former counsel] misrepresented the plea agreement . . . will have to be resolved on a question-by-question basis during the hearing." Case No. 02-20038, 2008 WL 4298386, *2 (E.D. Mich. Sept. 18, 2008).

Any implied waiver in this matter should be treated similarly and resolved on a question-by-question basis at the hearing, rather than on a blanket basis in advance.

The need to properly limit any implied waiver is particularly acute in this case. The attorneys who the Government seeks to question continue to represent Mr. Kelsey. Both they and Mr. Kelsey have a need to ensure that they can continue communicating fully and frankly with one another with respect to their representation. The Government, by its motion, must not be allowed to create any conflict that damages that representation.

5

## CONCLUSION

For the foregoing reasons, Mr. Brian Kelsey respectfully requests that the Government's Motion be denied.

Dated: May 8, 2023

Respectfully submitted,

s/ David A. Warrington
David A. Warrington, *pro hac vice*
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
Telephone: 703-574-1206
Dwarrington@dhillonlaw.com

*Counsel for Defendant Brian Kelsey*

# CERTIFICATE OF SERVICE

      I hereby certify that a true and exact copy of the foregoing *Opposition to Government's Motion for Order Finding Waiver of Attorney-Client Privilege* has been electronically delivered via the Court's electronic filing system on this the 8th day of May 2023, to the following:

Hal Hardin
Hal D. Hardin
211 Union Street, Suite 200
Nashville, TN 37201

Amanda Klopf
Assistant United States Attorney
110 Ninth Avenue, South, Suite A961
Nashville, TN 37203-3870

John P. Taddei
U.S. Department of Justice
1301 New York Ave. NW
Washington, DC 20530

Paul J. Bruno
David A. Rivera
Jerry E. Martin
Barrett, Johnston, Martin & Garrison, LLC
414 Union Street, Suite 900
Nashville, TN 37219

Phillip Georges
Phillip S. Georges, PLLC
501 Union St., Ste. 200d
Nashville, TN 37219

David Pritchard
Assistant United States Attorney
167 North Main Street, Suite 800
Memphis, TN 38103

                                                    s/ David A. Warrington
                                                    David A. Warrington