UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:21-cr-00264-1 |
| v. | ) | |
| | ) | CHIEF JUDGE CRENSHAW |
| BRIAN KELSEY | ) | |

## GOVERNMENT'S MOTION FOR ORDER
## FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE

The United States of America, through Henry C. Leventis, United States Attorney for the Middle District of Tennessee, Assistant United States Attorney Amanda J. Klopf, Corey R. Amundson, Chief of the Public Integrity Section of the United States Department of Justice, Trial Attorney John P. Taddei, Reagan Fondren, First Assistant United States Attorney for the Western District of Tennessee, and Assistant United States Attorney David Pritchard (collectively, "United States" or "government"), respectfully moves this Court to enter an order finding that defendant Brian Kelsey has waived the attorney-client privilege with respect to the specific matters raised in his motion to withdraw his guilty pleas (DE 93 ("Mot.")) and his reply (DE 104 ("Reply")).

"The [attorney-client] privilege may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance . . . ." *In re Lott*, 424 F.3d 446, 452-53 (6th Cir. 2005); *see United States v. Pinson*, 584 F.3d 972, 977 (10th Cir. 2009) ("acknowledg[ing] the implied waiver of attorney-client privilege that arises when a party puts his counsel's advice in issue" and collecting cases holding the same). "[L]itigants cannot hide behind the privilege if they are relying upon privileged communications to make their case." *Lott*, 424 F.3d at 454. "'[T]he attorney-client privilege cannot at once be used as a shield and a sword.'" *Id.* (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)).