<pre>
 1                  IN THE UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF TENNESSEE
 2                         NASHVILLE DIVISION

 3        UNITED STATES OF AMERICA,     )
                                        )
 4                      Plaintiff,      ) Case No. 3:21-cr-00264-1
                                        )
 5             v.                       ) WAVERLY D. CRENSHAW, JR.
                                        ) CHIEF DISTRICT JUDGE
 6        BRIAN KELSEY,                 )
                                        )
 7                      Defendant.      )

 8   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                            BEFORE THE HONORABLE
 9
             WAVERLY D. CRENSHAW, JR., CHIEF DISTRICT JUDGE
10
                          September 21, 2023
11   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
     APPEARANCES:
12
     FOR THE Plaintiff:        Amanda J. Klopf
13                             U. S. Attorney's Office (Nashville)
                               Middle District of Tennessee
14                             719 Church Street
                               Suite 3300
15                             Nashville, TN 37203

16                             John P. Taddei
                               U.S. Department of Justice
17                             Public Integrity Section
                               1301 New York Ave. NW
18                             Ste 10th Floor
                               Washington, DC 20530
19
     FOR THE DEFENDANT:        Mr. J. Alex Little
20                             Mr. Zachary Lawson
                               Burr & Forman, LLP (Nashville Office)
21                             222 Second Avenue South
                               Suite 2000
22                             Nashville, TN 37201

23   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
     LISE S. MATTHEWS, RMR, CRR, CCP
24   Official Court Reporter
     719 Church Street, Suite 2300
25   Nashville, TN 37203
     lise_matthews@tnmd.uscourts.gov
</pre>

1          The above-styled cause came on to be heard on

2    September 21, 2023, before the Honorable Waverly D.

3    Crenshaw, Jr., Chief District Judge, when the following

4    proceedings were had, to-wit:

5          THE COURT:  All right.  Be seated.

6          All right.  We're here on Case 21-264, *United*

7    *States of America versus Brian Kelsey*.  And Mr. Kelsey is

8    here.

9          If counsel want to make your appearance on the

10   record.

11         MS. KLOPF:  Good afternoon, Your Honor.  Amanda

12   Klopf on behalf of the United States for the Middle District

13   of Tennessee.  I'm here with my colleague John Taddei from

14   the Public Integrity Section.

15         MR. TADDEI:  Good afternoon, Your Honor.

16         MR. LITTLE:  Good afternoon, Your Honor.  Alex

17   Little and Zachary Lawson on behalf of Mr. Kelsey.

18         THE COURT:  All right.  So I've read the motion

19   and all the supporting briefs.

20         And I guess, Mr. Little, I'll start with you.  You

21   contend there's a substantial question of law and fact.

22   Correct?

23         MR. LITTLE:  Yes.

24         THE COURT:  Do we need an evidentiary hearing?

25         MR. LITTLE:  No, Your Honor.  I don't believe so.

1          THE COURT:  All right.  Let's -- that's what I

2   want to discuss.

3          MR. LITTLE:  Do you want me to approach?

4          THE COURT:  Sure.

5          MR. LITTLE:  Your Honor, I've had the opportunity

6   to litigate an issue like this in a number of courtrooms.

7          The question is generally not a factual question

8   as to whether there's a substantial question.  A substantial

9   question --

10          THE COURT:  Oh, I'm sorry.  I misstated then.  I'm

11   not -- I'm saying assuming there is a substantial question --

12          MR. LITTLE:  Oh, yes.

13          THE COURT:  -- the determination of that needs to

14   be based on --

15          MR. LITTLE:  The record.

16          THE COURT:  Exactly.

17          MR. LITTLE:  Yeah.

18          THE COURT:  And you contend that there was a plea

19   agreement and the government breached it?

20          MR. LITTLE:  That's correct.  All a part of the

21   record the Sixth Circuit will be able to look at.

22          THE COURT:  And the government says maybe.

23          MR. LITTLE:  It's unclear --

24          THE COURT:  So that's -- that's the -- that's the

25   factual inconsistency here that led me to believe --

```
 1                    MR. LITTLE:  Maybe on which part?
 2                    THE COURT:  You say yes and they say maybe.
 3                    MR. LITTLE:  Oh, as to the breach?
 4                    THE COURT:  Yeah.
 5                    MR. LITTLE:  Oh, sure.  But it's a de novo
 6   question of law, Your Honor.  There's not --
 7                    THE COURT:  Well -- but it's -- okay.  I'll let
 8   you finish.
 9                    MR. LITTLE:  Yeah, it's a de novo question of law.
10   The Sixth Circuit will be able to look at the plea
11   agreement -- we have --
12                    THE COURT:  Based on what facts?
13                    MR. LITTLE:  Based on what occurred on the docket.
14                    THE COURT:  Okay.  That's what I guess I wanted to
15   get clarity.  So you think the record's sufficient.
16                    MR. LITTLE:  Oh, yes.
17                    THE COURT:  And you do not want, and do not
18   request, an evidentiary hearing?
19                    MR. LITTLE:  No.  The breach occurred on the
20   Court's docket in the transcript through its behavior.  It
21   didn't happen outside of the court.  So if it happened
22   outside of the court, if they filed a case somewhere else or
23   done something else, we would have had to put that on the
24   record.  We haven't had to do any of that.
25                    THE COURT:  I'm with you.  But I've not made a
```

```
 1  finding there was a breach.
 2              MR. LITTLE:  No.  That's why we're appealing,
 3  because you did not find --
 4              THE COURT:  So you want the Sixth Circuit -- well,
 5  you didn't ask me to either.  But you want the Sixth Circuit
 6  to make that determination in the first instance?
 7              MR. LITTLE:  That's correct.
 8              THE COURT:  Okay.
 9              MR. LITTLE:  And so I think --
10              THE COURT:  That's something they typically don't
11  do.
12              MR. LITTLE:  Well, Your Honor, I think on this
13  record they can.
14              THE COURT:  Okay.
15              MR. LITTLE:  With respect to --
16              THE COURT:  And they may.  Or they may not.
17              MR. LITTLE:  Right.
18              THE COURT:  Okay.
19              MR. LITTLE:  And with the other pieces of this,
20  under the standard he has to be, you know, not a risk of
21  flight.
22              THE COURT:  Right.
23              MR. LITTLE:  And not a danger to the community.
24              We would say those decisions have already been
25  made by the Court releasing him to serve his -- his -- you
```

```
 1  know, release -- self-surrender, essentially.  It's the same
 2  statute, the same determination.  No change of facts.
 3              THE COURT:  Okay.  Let's hear from the government.
 4              MS. KLOPF:  Your Honor, in terms of evidentiary
 5  hearing, it's -- I actually believe it would be inappropriate
 6  to do one, because the record is what it is.  And it -- the
 7  appropriate time for Mr. Little to have said that the -- that
 8  he believed the United States was breaching would have been
 9  in the sentencing hearing.  Puckett lays out very clearly
10  what the defendant would have had to do in order to allege
11  the United States -- it has breached the plea agreement.  And
12  given that that did not occur, as we briefed in great detail,
13  that's why we believe that plain error would apply on review.
14  But at this point in the proceedings, further -- further
15  evidentiary hearing, it -- is not necessary or appropriate.
16              THE COURT:  So let me rephrase it again.  And
17  that's why I really brought us together.
18              It sounds like, and the government is of the
19  position, no evidentiary hearing is needed or appropriate.
20              MS. KLOPF:  Yes, Your Honor.  I think --
21              THE COURT:  So on that much you and Mr. Kelsey
22  agree?
23              MS. KLOPF:  I believe so.  Yes.
24              THE COURT:  Okay.  Go ahead.  I cut you off.
25              MS. KLOPF:  Oh, no.  I didn't have anything
```

```
 1 | further.
 2 |           THE COURT:  No.  I guess what -- we now have that
 3 | on the record.  So --
 4 |           Well, let me ask you the same question I asked
 5 | Mr. Little.
 6 |           You agree there's been no finding by this Court
 7 | that the plea agreement has been breached or not breached?
 8 | I've not addressed that.
 9 |           MS. KLOPF:  Exactly, Your Honor.  Because it
10 | wasn't put before Your Honor at the sentencing hearing.
11 |           THE COURT:  Okay.
12 |           MS. KLOPF:  Because, you know, the appropriate
13 | objection was not made, the Court couldn't make a further
14 | inquiry, and specifically, I think, and importantly, remedy,
15 | if there was an issue, remedied it in realtime.  And that's
16 | why the Sixth Circuit does put that onerous on the defendant
17 | to make those objections in realtime, so that if it's
18 | possible for it to be remedied in that moment, it can be.
19 | But in this particular instance it was not.
20 |           THE COURT:  All right.  Okay.
21 |           Well, Mr. Little, you can certainly respond.
22 |           MR. LITTLE:  May I respond to that, Your Honor?
23 |           THE COURT:  Sure.
24 |           MR. LITTLE:  We did raise the objection.
25 |           THE COURT:  Well, I think we can agree the record
```

speaks for itself.

MR. LITTLE: It does.

THE COURT: Okay.

MR. LITTLE: And I think that there's a dispute here. They think somehow that that's not sufficient. I don't think they can point to a single case where there's been a colloquy about an issue where the Court has given the same exact answer that they subsequently gave in their brief --

THE COURT: Well, and maybe not. But that's, again, why I said do we need to have an evidentiary hearing. There again, you're saying now the record says X, they say it says Y.

MR. LITTLE: Well, I think we're interpreting the same record. We both agree that the document that I filed that is the transcript is the transcript.

THE COURT: Is the transcript. It speaks for itself.

MR. LITTLE: It does.

And it's our position that in that transcript we sufficiently raised it and it was denied. I agree that you did not ever determine that there was a breach. That is the error that we are raising with the Sixth Circuit. That there should have been a determination that there was a breach.

THE COURT: Well, I guess that goes back -- I've

1  never been asked to make -- there's never been a motion

2  before me or bring that issue to me to make that

3  determination.

4         MR. LITTLE:  Your Honor, and I think our position

5  on appeal will be that that objection -- the objection that

6  we made in the moment contemporaneous was sufficient to raise

7  that issue.

8         THE COURT:  Okay.

9         MR. LITTLE:  And I think the question -- you know,

10  to delineate that a little bit is, we raised the objection;

11  the Court answered that objection in a manner which suggested

12  that it was not finding the objection basically valid or

13  sustained.  And at that point there's no reason to move on to

14  the remedy, because the objection has been done.  I can

15  imagine, if I object to hearsay --

16         THE COURT:  Well, now again -- go ahead.

17         MR. LITTLE:  Yeah, if I object to a hearsay

18  objection, Your Honor, and the Court says it's not hearsay,

19  there's no point for me to then ask I think it should be

20  stricken from the record.  The Court has just ruled and said

21  it's not hearsay.  So I agree the record speaks for itself.

22  And our interpretation on appeal is that there's no need to

23  make an additional inquiry once the Court has ruled.

24         THE COURT:  Well, I'll put on the record, still, I

25  did not interpret your objection as a request that I make a

1 finding about whether or not the plea agreement had been

2 breached or --

3       MR. LITTLE:  And, Your Honor, I think for purposes

4 of this record, that finding probably isn't part of the

5 record on appeal, which closed at the time the sentence came

6 up.  These are now post appeal proceedings.  And I think it's

7 our position that the Court will have the record that it has.

8       THE COURT:  And I guess both sides can decide what

9 is and what's not in the record.

10       MR. LITTLE:  Sure.

11       THE COURT:  Okay.  Anything else from the

12 government?

13       MS. KLOPF:  Your Honor, more broadly.  I -- I just

14 think this goes to our bigger argument -- which I will not

15 belabor because we have briefed it significantly -- but this

16 does not raise the substantial question of law or fact that

17 is required under the Sixth Circuit precedent for a bail

18 pending appeal.

19       THE COURT:  And what do you define "this" to be?

20       MS. KLOPF:  The argument that -- I mean, as we

21 argued quite a bit in our papers -- but we believe plain

22 error will apply because --

23       THE COURT:  Go ahead.  But I mean you all are

24 talking about the scope of review on appeal.  That's not

25 helpful to the Court.  What's helpful to the Court is for us

```
 1  to focus on what is the substantial question of law and fact.
 2  And I hear Mr. -- I hear Mr. Little saying the substantial
 3  question of law and fact is the government breached the plea
 4  agreement.
 5              MS. KLOPF:  And, Your Honor, under either --
 6              THE COURT:  Is that the same issue you all see?
 7              MS. KLOPF:  We understand that what they are
 8  raising is whether or not the United States breached the plea
 9  agreement.
10              THE COURT:  And is that not -- do you -- and if
11  that's the substantial issue of fact -- law or fact that
12  the -- that the defense is raising upon, does the government
13  see a different issue?
14              MS. KLOPF:  No, Your Honor.  That -- that is the
15  issue.
16              THE COURT:  And your position is maybe it was
17  breached, maybe it wasn't.
18              MS. KLOPF:  We believe it was not breached.  But I
19  did --
20              THE COURT:  And therefore it's still in effect
21  going up on appeal?
22              MS. KLOPF:  Yes, Your Honor.  And again, you know,
23  this Court doesn't have to pre-judge the issue or determine
24  whether or not it could be plain error or anything like that.
25              THE COURT:  Exactly.
```

```
 1              MS. KLOPF:  But for purposes of these motions, all
 2   the Court has to decide is whether or not there's a
 3   substantial question of law or fact --
 4              THE COURT:  On whether or not the government
 5   breached the plea agreement during the sentencing?
 6              MS. KLOPF:  Exactly.  And whether or not -- the
 7   next question is that would result in a reversal, an order
 8   for a new trial, or a sentence that doesn't include a term of
 9   imprisonment.  Which presented here, it does not.  It's not
10   satisfied.
11              Even if the Sixth Circuit rejected every single
12   one of the United States' argument that we've kind of touched
13   on in our papers, the likely result would be that he would be
14   headed to resentencing before a different judge, where the
15   defendant would be facing the exact same guidelines range,
16   which were 37 to 41 months.  This defendant received a
17   significant downward departure to a sentence of 21 months --
18   I'm sorry -- variance -- thank you -- but it was below
19   guidelines.
20              So a new judge -- if that's what we ended up
21   having happen -- would have to vary downward so far for the
22   defendant to not have a custodial sentence that it's hard to
23   actually imagine -- particularly in light of the defendant's
24   behavior in this particular case.  And it's certainly not an
25   issue that could go either way.
```

1          So unless the Court has any other questions about

2   our papers, I'll rest on that.

3          THE COURT:  All right.  Mr. Little.

4          MR. LITTLE:  I think my concern -- and the

5   government keeps doing it.  Is they want to make this a

6   little messier.  They don't want to actually be specific.

7          So the provision that was just responded to by

8   Ms. Klopf, it's not a question of whether there's no

9   potential jail sentence upon resentencing.  The actual

10  standard is whether the sentence would be less than the time

11  it would take to adjudicate the appeal.

12         There is a case that we cited in our reply

13  where -- you know, this is a case where he got 21 months.  If

14  he got, for example, ten months on resentencing, that likely

15  would be less time than it would take the Sixth Circuit to

16  adjudicate an appeal, which is generally over 12 months.  And

17  so the standard is not what Ms. Klopf said.  It is not that

18  he's likely to get no jail time.  It's the question of his

19  sentence in relation to the potential other options on

20  appeal.  So that's one thing I wanted to raise just at that

21  issue.

22         The second part is, this is a case where we argued

23  very strenuously for probation.  The Court obviously did not

24  do that.  But we had I think a strong argument for why

25  probation was appropriate in light of other circumstances.  I

1  don't think there's -- the Court certainly cannot say it's

2  not a question that the defendant might get probation in that

3  circumstance to such degree as to rely on the government's

4  arguments here.  But taking all of that -- basically saying

5  if the government says, well, he might get resentenced, but

6  it will be more than, you know, a year, there's just no firm

7  basis to believe that, not knowing what a different judge

8  would do on the same set of facts.

9          But I think more importantly is their presumption

10  that he would get resentencing is completely devoid of

11  authority.  They have not showed you a single case -- and as

12  you can probably tell from our briefs, we have researched

13  this question thoroughly across the circuits.  We cannot find

14  a single case where a defendant who has been the subject of a

15  government breach has ever been forced to a remedy of

16  specific performance.  This is a contract situation.  The

17  government breaches the contract.  And the defendant is the

18  party who is harmed.  The general concept is that he gets an

19  opportunity to elect and express the election of remedies.

20          I totally concede this is an unusual circumstance

21  in which a defendant who has pled guilty would want to undo

22  that plea.  Nine times out of ten, if not 99 out of 100, when

23  you get the situation the government breaches, the defendant

24  wants specific performance.  They want to go back.  They want

25  to be resentenced with the correct recommendations.

1          And so the government just presuming and telling

2   you, again, without any factual or legal basis that this is

3   what's going to happen, we've provided you both in the

4   original motion and our reply strong legal arguments that he

5   would get to completely undo his plea.

6          THE COURT:  Right.  So what is the issue

7   Mr. Kelsey is appealing?

8          MR. LITTLE:  He's appealing the breach of the plea

9   agreement and that as a result of that --

10          THE COURT:  During the sentencing hearing?

11          MR. LITTLE:  Yes.

12          THE COURT:  Anything else?

13          MR. LITTLE:  At this point that is all we're

14   raising here.  We haven't filed our brief yet.

15          THE COURT:  Okay.

16          MR. LITTLE:  One of the things that we raised --

17          THE COURT:  Well, you said at this point.

18          MR. LITTLE:  Well, so -- if you recall, we pointed

19   out the government won't tell us whether or not the plea

20   agreement is in effect.

21          THE COURT:  I think she just did.

22          MR. LITTLE:  But I want to confirm that's the

23   case.  They --

24          THE COURT:  Well, the record -- no, we don't --

25   you know, you address yourself to me.

```
 1              MR. LITTLE:  Well, so -- yeah, but I want --
 2              THE COURT:  The record speaks for itself.
 3              MR. LITTLE:  Well, Your Honor -- I think,
 4   respectively, we have -- I'll ask this as relief.  We would
 5   ask the Court to inquire based on the governmnet's behavior
 6   whether or not the plea agreement remains in effect.
 7              THE COURT:  And I just -- I think the record
 8   already addresses that from what she's already said.
 9              MR. LITTLE:  Well, the reason I think that's not
10   true, Your Honor, is because the argument they made to this
11   Court was that somehow my client's alleged prior breach
12   excused their breach.
13              THE COURT:  Well, I'm going to let you get the
14   transcript.  But I just posed those questions.  She answered
15   it.  And I actually looked to you because I thought, well,
16   now you've got your answer.
17              MR. LITTLE:  Okay.  And I appreciate that.  So if
18   that's there, then that would tell me that we don't have an
19   argument that -- if there was no plea agreement currently,
20   that would potentially change what our appeal might be.  So
21   to answer your question, I can't give you that answer yet,
22   but, yes, the bulk of our appeal is --
23              THE COURT:  To answer my question, you cannot
24   answer my question.
25              MR. LITTLE:  I can't tell you for sure --
```

```
1              THE COURT:  What issues --

2              MR. LITTLE:  -- until we file the brief if there's

3  going to be any other issues.

4              THE COURT:  Okay.

5              (Coughing interruption.)

6              MR. LITTLE:  -- the heart of the appeal is the

7  breach of the plea agreement.

8              We believe it is the breach of the plea agreement

9  that will allow Mr. Kelsey on remand to get recision for the

10 plea agreement and not -- and have his plea -- have his plea

11 withdrawn.  So that's what we believe the result of the error

12 will be.

13             And so here, just going back to the substantial

14 question, it is, is it -- is it a closed question or a

15 question whether the government breached.

16             I think given the arguments you've seen there are

17 very strong arguments on the defendant's side that certainly

18 cannot be discounted that the government has breached.  I'm

19 happy to address any of those if you wish to speak to them.

20 I certainly don't think our arguments are foreclosed.

21             In that scenario, that he is likely, based on the

22 case law we presented you, to be able to withdraw his plea,

23 which would obviously result in no jail time whatsoever.

24 Even if the government were correct and somehow on remand

25 this Court, or whatever court, were to be the first to ever
```

1  require a defendant to get specific performance and -- and

2  basically stick with the plea he doesn't want, even though

3  the government breached, there still is no assurance that he

4  would get less jail time than the time he would be doing in

5  jail while the appeal proceeds.

6          THE COURT:  But all that is speculation.  You

7  first need to succeed in the Sixth Circuit.

8          MR. LITTLE:  Yes.  I mean --

9          THE COURT:  And for purposes of this issue; that

10  is, whether or not the government breached the plea

11  agreement, Mr. Kelsey says no evidentiary hearing is

12  necessary whatsoever.

13          MR. LITTLE:  That's right.  We believe --

14          THE COURT:  And to the extent I'm offering one, he

15  waives it?

16          MR. LITTLE:  Well -- that's right.

17          THE COURT:  All right.

18          MR. LITTLE:  The statement that was made that --

19  Mr. Taddei made at the sentencing hearing advocating for

20  those two points was the breach of the plea.

21          THE COURT:  And the government agrees, to the

22  extent that that's the issue that Mr. Kelsey wants to raise,

23  and that is whether or not the government breached the plea

24  agreement at the sentencing hearing, the government's

25  position is in lockstep with Mr. Little; that is, no

```
 1  evidentiary hearing is needed, and to the extent this Court
 2  wants to offer you one, the government waives it?
 3              MS. KLOPF:  Yes, Your Honor.  I interpret
 4  Mr. Little's argument to be what you just articulated, and
 5  that we do not think that an evidentiary hearing on that
 6  issue is necessary.
 7              THE COURT:  So the answer to my question is yes?
 8              MS. KLOPF:  Yes.
 9              THE COURT:  Okay.
10              MR. LITTLE:  And I will defer, unless you have
11  questions about any of those --
12              THE COURT:  I do not.  But this has been helpful.
13  And I'm sensitive to Mr. Kelsey's report date, and I'll get
14  you an order in timely fashion.
15              MR. LITTLE:  Thank you, Your Honor.
16              THE COURT:  Thanks.
17              (Court adjourned.)
18
19
20
21
22
23
24
25
```

1  REPORTER'S CERTIFICATE

2

3          I, Lise S. Matthews, Official Court Reporter for

4  the United States District Court for the Middle District of

5  Tennessee, with offices at Nashville, do hereby certify:

6          That I reported on the Stenograph machine the

7  proceedings held in open court on September 21, 2023, in the

8  matter of UNITED STATES OF AMERICA v. BRIAN KELSEY, Case No.

9  3:21-cr-00264-1; that said proceedings in connection with the

10  hearing were reduced to typewritten form by me; and that the

11  foregoing transcript (pages 1 through 19) is a true and

12  accurate record of said proceedings.

13          This the 22nd day of September, 2023.

14

15                          /s/ Lise S. Matthews
                            LISE S. MATTHEWS, RMR, CRR, CRC
16                          Official Court Reporter

17

18

19

20

21

22

23

24

25